# Vinson&Elkins

Michael L. Raiff  mraiff@velaw.com
Tel 214.220.7705  Fax 214.999.7705

RECEIVED
MURPHY POLICE DEPT

APR 2 2 2008

CHIEF'S OFFICE

April 22, 2008

**BY HAND DELIVERY**
City of Murphy Police Department
c/o Chief Billy Myrick
206 North Murphy Road
Murphy, TX 75094

Re:   *Patricia Conradt v. NBC Universal, Inc.*; Case No. 07-CIV-6623(DC) in the United States District Court for the Southern District of New York

Dear City of Murphy Police Department:

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, I have enclosed a subpoena that has been issued in connection with the above-referenced case, *Patricia Conradt v. NBC*. As noted in Schedule A, the subpoena requests that the Police Department produce the documents and other tangible things seized from Louis Conradt's home. It is our understanding that some of those materials are sensitive, and we are certainly agreeable to having any sensitive materials produced pursuant to an agreed confidentiality order. We would agree that any sensitive or confidential materials would be used solely for the purposes of preparing for and presenting evidence in the *Patricia Conradt v. NBC* lawsuit. We would not disclose any of the sensitive materials to any person or entity for any other reason.

We appreciate your attention to this matter. Please contact me at 214.220.7705 so that we can further discuss the logistics and an appropriate confidentiality order.

Sincerely,

Michael L. Raiff

1165834_1.DOC


EXHIBIT A

Vinson & Elkins LLP  Attorneys at Law
Austin Beijing Dallas Dubai Hong Kong Houston
London Moscow New York Shanghai Tokyo Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
Eastern District of Texas

PATRICIA CONRADT

V.

NBC UNIVERSAL, INC.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 07-CIV-6623(DC) United States District Court Southern District of New York

TO: City of Murphy Police Department
c/o Chief Billy Myrick
206 North Murphy Road
Murphy, TX 75094

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A for list of requested documents.

| PLACE  206 North Murphy Road, Murphy, TX 75094 | DATE AND TIME  May 2, 2008 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendant NBC Universal, Inc.  /s/ Michael L. Raiff /MAR | DATE  April 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael L. Raiff, Vinson & Elkins, L.L.P., 2001 Ross Ave., Suite 3700, Dallas, TX 75201
Telephone: 214.220.7705

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                         DATE                                          SIGNATURE OF SERVER

                                                        _____
                                                        ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions

1. The term "Document" shall mean any writing, drawing, graph, chart, notation, report, memoranda, tabulation, photograph, recording, image and other data or data compilation, stored in any medium from which information can be obtained directly or, if necessary, after translation by the responding party into a reasonably usable form, and shall include hard copies and copies of electronically stored information.

### Document Requests

1. All documents or tangible things seized from the residence of Louis W. Conradt, Jr. at 201 Davidson Drive, Terrell, Texas, and any copies of, or documents relating to, such documents or tangible things, including but not limited to:

   a. Three Sony laptop computers, any copies of the hard drives of the computers and any information derived from the hard drives of the computers;

   b. One Motorola cellular phone and any information derived from the cellular phone;

   c. 9 CD Discs including six unlabeled discs; one (1) disc labeled "Ron & Keenan"; one DVD labeled "Dream Boy"; and

   d. Any documents or tangible things contained in the black computer bag seized from the residence including seven unlabeled discs; one software disc; personal notes and travel receipts; and one Polaroid type photo.